1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROLE N.,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

CASE NO. 2:19-CV-1661-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly evaluated the opinions of Drs. Holly Petaja, Alesha Bailey, and Nikki Johnson. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

1

<u>FACTUAL AND PROCEDURAL HISTORY</u>

2      On November 15, 2016, Plaintiff filed applications for DIB and SSI, alleging disability as of

3  March 11, 2016. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon

4  initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ

5  Stephanie Martz on September 4, 2018. *See* AR 14. In a decision dated October 3, 2018, the ALJ

6  determined Plaintiff to be not disabled. *See* AR 24. Plaintiff's request for review of the ALJ's

7  decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

8  Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

9      In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the

10 medical opinion evidence; and (2) evaluating Plaintiff's testimony. Dkt. 10.

11

<u>STANDARD OF REVIEW</u>

12     Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

13 security benefits if the ALJ's findings are based on legal error or not supported by substantial

14 evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)

15 (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

16

<u>DISCUSSION</u>

17 **I.      Whether the ALJ properly considered the medical opinion evidence.**

18     Plaintiff asserts the ALJ improperly evaluated the opinions of Drs. Petaja, Bailey, and

19 Johnson. Dkt. 10, pp. 3-10.

20     In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

21 reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v.*

22 *Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

23 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining

24

1   physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons

2   that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews*

3   *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

4   1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts

5   and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v.*

6   *Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

7   1989)).

8       A.  Dr. Petaja

9       Dr. Petaja completed a psychological evaluation of Plaintiff for the Washington State

10  Department of Social and Health Services ("DSHS") in October 2016. AR 425-429. Dr. Petaja

11  conducted a clinical interview and a mental status examination ("MSE") of Plaintiff and diagnosed

12  her with major depressive disorder, recurrent, severe without psychotic features, and unspecified

13  anxiety disorder. AR 427. She found Plaintiff was severely limited in maintaining appropriate

14  behavior in a work setting and in completing a normal work day and work week without

15  interruptions from psychologically based symptoms. AR 427. Dr. Petaja also opined Plaintiff was

16  markedly limited in understanding, remembering, and persisting in tasks by following detailed

17  instructions, performing activities within a schedule, maintaining regular attendance, and being

18  punctual within customary tolerances without special supervision, and in communicating and

19  performing effectively in a work setting. AR 427.

20      The ALJ discussed Dr. Petaja's opinion and discounted it, saying:

21      (1) Dr. Petaja reviewed no records. (2) Her opinion is inconsistent with the medical
        evidence. (3) After this evaluation, the claimant had her medications adjusted and her
22      symptoms improved. (4) She stopped seeing mental health providers in February 2017,
        which indicates she was stable at that time.

23  AR 21 (numbering added).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1    First, the ALJ discounted Dr. Petaja's opinion because she "reviewed no records." AR 21.

2  The ALJ failed to explain why Dr. Petaja's failure to review records discredits her opinion. *See* AR

3  21. Defendant does not cite, nor does the Court find, authority holding an examining physician's

4  failure to supplement his or her own examination and observations with additional records is a

5  specific and legitimate reason to give less weight to the opinion. Accordingly, the ALJ's first reason

6  for discounting Dr. Petaja's opinion is not specific and legitimate and supported by substantial

7  evidence.

8    Second, the ALJ discounted Dr. Petaja's opinion because it is inconsistent with the medical

9  opinion evidence. AR 21. An ALJ need not accept the opinion of a treating physician if that opinion

10  is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Social Security*

11  *Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But a conclusory statement finding an opinion is

12  inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d 418 at

13  421-422. Here, the ALJ doesn't specify which limitations Dr. Petaja assessed are inconsistent by the

14  medical evidence, nor does she provide any analysis to support her conclusion. Without providing

15  more analysis, the ALJ's reasoning is, by definition, conclusory. *See Hess v. Colvin*, No. 14–8103,

16  2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) (an ALJ merely offers her conclusion when his

17  statement "stands alone, without any supporting facts"). Thus, the ALJ's second reason for

18  discounting Dr. Petaja's opinion is not specific and legitimate and supported by substantial evidence.

19  *See Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) ("an ALJ errs when [s]he rejects a

20  medical opinion or assigns it little weight while doing nothing more than … criticizing it with

21  boilerplate language that fails to offer a substantive basis for [her] conclusion").

22    Third, the ALJ discounted Dr. Petaja's opinion because her symptoms improved with

23  medication. AR 21. "Impairments that can be controlled effectively with medication are not disabling

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1    for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of the SSA*, 439

2    F.3d 1001, 1006 (9th Cir. 2006). But because "[c]ycles of improvement and debilitating symptoms

3    are a common occurrence" regarding mental health issues, "it is error for an ALJ to pick out a few

4    isolated instances of improvement over a period of months or years and to treat them as a basis for

5    concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. Here, the record indicates

6    Plaintiff's depression waxed and waned in the course of treatment. For example, in November 2016,

7    Plaintiff's mental health provider noted Plaintiff was anxious, tearful, irritable, and depressed. AR

8    400. In March 2017, Plaintiff reported increased symptoms due to her depression. AR 651. In

9    September 2017, Plaintiff reported an improvement in her depression. AR 637. One month later,

10   Plaintiff told her mental health provider her depression symptoms were "way up and down." AR

11   629. Plaintiff exhibited depressive symptoms in May 2018 and July 2018. AR 589, 603. Thus, the

12   ALJ appears to have selectively identified a few isolated instances of improvement to support her

13   decision to discount Dr. Petaja's opinion. Accordingly, the ALJ's third reason for discounting Dr.

14   Petaja's opinion is not specific and legitimate and supported by substantial evidence.

15          Fourth, the ALJ discounted Dr. Petaja's opinion because Plaintiff stopped seeing mental

16   health providers in February 2017, which the ALJ interpreted as evidence that Plaintiff was stable at

17   that time. AR 21. As discussed above, it is common for mental health symptoms to go through

18   "[c]ycles of improvement and debilitating symptoms[.]" *Garrison*, 759 F.3d at 1017. Further, merely

19   because "a person who suffers from … depression makes some improvement does not mean that the

20   person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v.*

21   *Massanari,* 246 F.3d 1195, 1205 (9th Cir.2001). Moreover, the ALJ's correlation that Plaintiff is

22   stable because she stopped seeing mental health providers in February 2017 is made without analysis

23   and is therefore speculative, and an ALJ may not speculate. *See* Social Security Ruling ("SSR") 86-8,

24

1  1986 SSR LEXIS 15 at *22. Accordingly, the ALJ's fourth reason for discounting Dr. Petaja's

2  opinion is not specific and legitimate and supported by substantial evidence.

3        For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate

4  reasons supported by substantial evidence for discounting Dr. Petaja's opinion. Accordingly, the ALJ

5  erred.

6        "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

7  F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

8  claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

9  *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at

10  1115. The determination as to whether an error is harmless requires a "case-specific application of

11  judgment" by the reviewing court, based on an examination of the record made "'without regard to

12  errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting*

13  *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

14        Had the ALJ given great weight to Dr. Petaja's opinion, the ALJ may have included

15  additional limitations in the residual functional capacity ("RFC"). For example, Dr. Petaja opined

16  Plaintiff was severely limited in completing a normal work day and work week without interruptions

17  from psychologically based symptoms. AR 427. In contrast, in the RFC, the ALJ did not include any

18  limitations regarding absenteeism. *See* AR 19. Therefore, if Dr. Petaja's opinion was given great

19  weight and additional limitations were included in the RFC and in the hypothetical questions posed

20  to the vocational expert ("VE"), the ultimate disability determination may have changed.

21  Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess

22  Dr. Petaja's opinion on remand.

23

24

1      B.  <u>Drs. Bailey and Johnson</u>

2      Drs. Bailey and Johnson each conducted a psychological evaluation of Plaintiff and

3 completed DSHS forms ("Joint Opinion"). AR 576-580, 672-677. Both doctors completed a clinical

4 interview and MSE of Plaintiff. *See* AR 576-580, 672-677. They diagnosed Plaintiff with depression

5 and opined to several marked and severe limitations, including a severe limitation in completing a

6 normal work day and work week without interruptions from psychologically based symptoms. AR

7 579.

8      The ALJ discounted the Joint Opinion for three reasons:

9
10
11

> (1) [O]verall, these evaluations are not consistent with the longitudinal record. (2) She
> had an increase in depression after trying to work in 2018. She told the evaluators she
> had loss of motivation and spent most of the day crying. (3) However, counseling notes
> show that she was doing more including fixing up her daughter's room and taking a
> trip to Yakima as discussed.

12 AR 21 (citations omitted) (numbering added).

13      First, the ALJ discounted the Joint Opinion because it is not consistent with the longitudinal

14 record. AR 21. An ALJ may discount a physician's opinion if the opinion is inadequately supported

15 "by the record as a whole." *See Batson*, 359 F.3d at 1195. But a conclusory statement finding an

16 opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849

17 F.2d 418 at 421-422. Here, the ALJ doesn't specify which limitations in the Joint Opinion are

18 inconsistent with the medical evidence, nor does she provide any analysis to support her conclusion.

19 Without providing more analysis, the ALJ's reasoning is, by definition, conclusory. *See Hess*, No.

20 14–8103, 2016 WL 1170875, at *3. Thus, the ALJ's first reason for discounting the Joint Opinion is

21 not specific and legitimate and supported by substantial evidence. *See Garrison*, 759 F.3d 995, 1012-

22 1013.

23

24

1    Second, the ALJ discounted the Joint Opinion because Plaintiff's depression worsened after

2    attempting to work in May 2018. AR 21. An ALJ may discount a doctor's opinion regarding a

3    claimant's mental health impairments if the claimant's impairments are situational in nature. *See*

4    *Dow v. Astrue*, 2010 WL 55659 at *13 (S.D. Cal. Jan. 5, 2010) (affirming the ALJ's decision to

5    reject the opinion of the claimant's treating physician because the physician's treatment notes "show

6    [the claimant's] depression is more situational"). Although Plaintiff's depression may have worsened

7    after trying to work in May 2018, the record indicates Plaintiff experienced mental health symptoms

8    before and after attempting to work. For example, as discussed above, Plaintiff exhibited depressive

9    symptoms in November 2016, March 2017, September 2017, October 2017, May 2018, and July

10   2018. AR 400, 589, 603, 629, 651. Thus, the longitudinal record includes references which the ALJ

11   did not discuss but could be interpreted to show that Plaintiff's depression is not solely due to

12   situational stressors. The ALJ failed to discuss whether factors other than situational stressors could

13   cause her depression. Accordingly, the ALJ's second reason for discounting the Joint Opinion is not

14   specific and legitimate and supported by substantial evidence.

15   Third, the ALJ discounted the Joint Opinion because it is inconsistent with Plaintiff's

16   activities of daily living. AR 21. Plaintiff's ability to fix up her daughter's room and take a trip to

17   Yakima does not necessarily show she could "perform an eight-hour workday, five days per week, or

18   an equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to

19   explain how Plaintiff's ability to fix up her daughter's room and take a trip to Yakima shows she

20   could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed.

21   Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("[g]enerally, in order to be eligible for disability

22   benefits under the Social Security Act, the person must be unable to sustain full-time work – eight

23   hours per day, five days per week"). In addition, a disability claimant "should not be penalized for

24

1   attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722.

2   Accordingly, the ALJ's third reason for discounting the Joint Opinion is not specific and legitimate

3   and supported by substantial evidence.

4        For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate

5   reasons supported by substantial evidence for discounting the Joint Opinion. Accordingly, the ALJ is

6   directed reassess the Joint Opinion on remand.

7   **II.        Whether the ALJ properly evaluated Plaintiff's testimony.**

8        Plaintiff asserts the ALJ failed to provide clear and convincing reasons for rejecting

9   Plaintiff's testimony. Dkt. 10, pp. 10-15. The Court concludes the ALJ committed harmful error in

10  assessing the opinions of Drs. Petaja, Bailey, and Johnson and must re-evaluate them on remand. *See*

11  Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on

12  remand and because the ALJ's reconsideration of the medical evidence may impact her assessment

13  of Plaintiff's testimony, the ALJ must reconsider Plaintiff's testimony on remand.

14                                      CONCLUSION

15       Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

16  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this

17  matter is remanded for further administrative proceedings in accordance with the findings contained

18  herein.

19       Dated this 1st day of July, 2020.

20

21

22                                      David W. Christel
                                        United States Magistrate Judge
23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9